McComas v. Covenant Mut. Life Ins. Co. of St. Louis.

AMERICA E. McComas, Appellant, *vs.* Covenant Mutual Life Insurance Company of St. Louis, Respondent.

1. *Husband and wife—Insurance policy for wife's benefit—Wife may sue in her own name.*—Where an insurance policy showed that it was effected by the husband for the benefit of his wife, the statute (Wagn. Stat., p. 1000, § 3) would not preclude the wife, after his death, from suing upon it in her own name. (Rogers v. Gosnell, 51 Mo., 466, affirmed.)

2. *Juryman—What opinion renders incompetent.*—The mere fact that a juryman has formed an opinion does not, of itself, render him incompetent. To have that effect, the opinion must be such as might influence his judgment. In suit on a policy of life insurance, where the company in its defense denied all responsibility and refused to pay anything, such defense amounts to a waiver of notice and proof of death; and where such defense is interposed to a suit on a policy which requires the insurance to be paid within sixty days after notice and proof of loss, the sum will be held due at that period after the death.

### *Appeal from St. Louis Circuit Court.*

*Slayback & Hœussler*, for Appellant.

*Dryden & Dryden*, for Respondent.

ADAMS, Judge, delivered the opinion of the court.

This was an action on a life policy issued by the defendant on the 29th day of October, 1862, insuring the life of Harry G. McComas, husband of the plaintiff, in the sum of five thousand dollars. The consideration on the face of the policy, and by reference to a statement on the margin, is expressed to be paid for the use and benefit of the plaintiff, the wife of the assured.

The policy was issued to the husband, and the covenant is to pay to him, his executors, administrators or assigns, in sixty days after due notice and proof of death, the sum assured, the balance of the year's premium, if any, being first deducted therefrom together with all indebtedness of the party to the company.

The annual premium to be paid was one hundred and eighty-nine dollars—ninety-five dollars of which was to be paid in money in two equal instalments of $47.50, and ninety-four dollars in annual notes. The husband died on the 3rd day of June, 1871, leaving the last six annual premium notes unpaid.

This suit was commenced on the ninth day of December, 1871, by the plaintiff as beneficiary under this policy, for the amount assured. The defendant filed a demurrer to the petition upon the ground that the plaintiff could not sue as beneficiary on this policy. This demurrer was overruled, and the same point was afterwards raised by motion in arrest and saved by an exception to the action of the court in overruling the motion.

The only material defense relied on to the merits of the action was, that the husband committed suicide, in violation of the terms of the policy. The matter in dispute was, whether the deceased was insane when he killed himself. The plaintiff gave evidence tending to prove that he was insane, and the defendant gave evidence tending to prove that he was sane when he killed himself. The case was submitted to a jury and a verdict rendered in favor of the plaintiff on the 18th day of February, 1873, for $5,481.63-100. Motions for a new trial and in arrest were overruled, and a final judgment entered on the verdict.

The defendant appealed to the General Term and the court at General Term reversed and remanded the cause. From this judgment of reversal the plaintiff has appealed to this court.

In the progress of impaneling the jury the counsel for defendant asked them the question " whether the jury has any opinion upon the question whether a man is necessarily insane who commits suicide ?" This question was objected to by plaintiff's counsel and the court sustained the objection, and to this action of the court in refusing to permit that question to be asked, and in refusing to permit the jury to answer the same the defendant duly excepted.

The defendant offered in evidence, to be deducted from any amount the jury might find in favor of the plaintiff, the six annual unpaid premium notes which are set out in the bill of exceptions. The court refused to permit these notes to be given in evidence, and to this action of the court the defendant excepted.

The court on its own motion gave an instruction on the issue of insanity, to which there was no exception, and which presented the merits of the case fairly to the jury. The court, also, at the instance of the plaintiff, gave the following instruction, which was excepted to by the defendant: "If the jury find for the plaintiff they will assess the damages at the sum of five thousand dollars with interest at six per cent. from the time demand was made to-wit: July 10, 1871, to the present time."

First—The first point relied on by the defendant is, that this action cannot be maintained by the plaintiff on the policy of insurance, because by the terms of the policy the sum assured was to be paid to the deceased or his executors, administrators or assigns. This objection was raised by motion in arrest, and also on the trial by objection to the admissibility of the policy of insurance as evidence. It is manifest, from the recital in the policy in regard to the consideration to be paid as premium, that this insurance was effected by the husband for the sole benefit of his wife. The husband, therefore, was constituted a trustee for his wife. He became a trustee of an express trust and his wife was the beneficiary. Our statute allows a trustee of an express trust to sue in his own name without joining with him the person for whose benefit the writ is prosecuted. (2 Wagn. Stat., 1000, § 3.) But this statute does not preclude the beneficiary under a contract like this from prosecuting a suit without joining the trustee. This contract on its face was made for the benefit of the wife alone, and she is, therefore, the real party in interest and had the right to bring this suit. A recovery by her would be a bar to another action by the trustee. In Rogers & Peck vs. Gosnell, (51 Mo., 466) it was held, that either the trustee or beneficiary of a contract might sue, and a recovery by either would be a bar to another action. (Miles vs. Davis, 19 Mo., 408; Harney vs. Dutcher, 15 Mo., 89; Van Schaick vs. R. R., 38 N. Y., 346; Record vs. Sanderson, 2 How., 179; Carter vs. The Mayor of Albany, 43 N. Y., 399; Lawrence vs. Fox, 20 N. Y., 268.)

Second—The question put to the jury in regard to their opinion on the subject of insanity was properly ruled out by the court. The mere opinion of a juror does not of itself render him incompetent. It must be such as might influence his judgment. The question did not comprehend the essential ingredient as to whether he had formed an opinion which might influence his judgment. (1 Wagn. Stat., 800, § 22.) The bill of exceptions shows that after this question was overruled the court proceeded to impanel the jury; "the defendant asking the jurors of the panel no other or further questions touching their qualifications."

Third—The next point is in regard to the interest allowed by the jury under the instruction of the court, which was to allow interest from the 10th of July, 1871. The plaintiff's husband died on the 3rd of June, 1871. The policy requires the insurance to be paid in sixty days after due notice and proof of death. As the defendant denied all responsibility, and refused to pay anything, this amounted to a waiver of the notice and proof of death, and therefore, the sum assured was due sixty days after the death of the plaintiff's husband. But under the instruction of the court the jury allowed interest from about thirty-seven instead of sixty days after the death of the assured, thereby allowing interest for some twenty-three days before the principal became due. This was certainly an error which might have been corrected at the time by a *remittitur*.

Fourth—A similar error was committed in excluding the unpaid annual premium notes as evidence. They were proper evidence to be taken into consideration by the jury and to be deducted from the amount of recovery.

For these errors the case will be remanded to the special term and the judgment of the General Term so far modified as to allow the judgment of the special term to stand affirmed, provided the plaintiff will deduct, by way of *remittitur*, the excess of interest and the amount of the unpaid annual premium notes set out in bill of exceptions. If the plaintiff decline to do this, the special term is directed to set aside the verdict and judgment,

and grant a new trial. The plaintiff must pay the costs of this appeal.

Judge Wagner absent; the other judges concur.