## Beatty v. Supreme Commandery U. O. of Golden Cross.

*Beneficial associations—Insurance—Ownership of policy—Act of* 1881.

The constitution and laws of a beneficial association authorized its members to change the beneficiary named in the benefit certificates. A member of the association named his mother in the certificate, but subsequently, on his marriage, changed the beneficiary to his wife, delivering the certificate into her control. Before his death he obtained the certificate without his wife's knowledge or consent, surrendered it and took out a new one, with his mother named therein as beneficiary. *Held*, that the wife was not entitled to recover from the association the amount of the benefit; and that the act of May 11, 1881, excluding the constitution and by-laws of life and fire insurance companies as evidence unless attached to the policy, does not apply.

Argued Oct. 25, 1892. Appeal, No. 306, Oct. T., 1891, by plaintiff, Clara B. Beatty, from judgment of C. P. No. 1, Allegheny Co., March T., 1890, No. 365, on verdict for defendant. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, MCCOLLUM, MITCHELL and DEAN, JJ.

Assumpsit to recover amount of benefit certificate.

At the trial, before SLAGLE, J., it appeared that Ross S. Beatty, at the time of his death in 1887, was a member of defendant association. When he joined the association he took out a benefit certificate for $2,000, naming therein his mother as beneficiary. When he married in 1883 he surrendered the certificate and took out another in the name of his wife, the plaintiff. He delivered the certificate into her custody and control. Subsequently, without his wife's knowledge or consent, he surrendered this certificate and took out another in his mother's name. The constitution and general laws of the association gave to the members the right to change the name of the beneficiary mentioned in the certificate. After the death of Beatty, plaintiff filed a bill in equity to restrain the association from paying the amount of the certificate to decedent's mother. The lower court sustained the bill, but on appeal it was dismissed by the Supreme Court. See Beatty's Appeal, 122 Pa. 428. Decedent's administrator then brought suit which was decided in favor of defendant and affirmed in the Supreme Court: McNeil v. Supreme Commandery, 131 Pa. 339,

Defendant offered in evidence their constitution and by-laws. Objected to as incompetent and inadmissible under the act of May 11, 1881, being an act relating to life and fire insurance companies, which expressly excludes such constitution and by-laws, unless they be attached to the policy and made part of it. Objection overruled and bill sealed. [3]

The court gave binding instruction for defendant. [1]

Verdict and judgment for defendant.    Plaintiff appealed.

*Errors assigned* were (1, 3) above ruling and instruction, quoting instruction and bill of exception, but not evidence.

*J. McF. Carpenter* for appellant, cited, Com. v. Nat. Mut. Aid Ass'n, 94 Pa. 481; Nat. Mut. Aid Soc. v. Lupold, 101 Pa. 111; McCutcheon's Ap., 11 W. N. 125; Sherk v. Endress, 3 W. & S. 256; Lemon v. Phœnix Mut. Life Ins. Co., 38 Conn. 301; Durian v. Central Verein, 7 Daly (N. Y.) 168.

*William A. Stone, W. P. Potter* with him, for appellee, cited: Fisk v. Eq. Aid Union, 20 W. N. 290; Com. v. Eq. Ben. Ass'n, 137 Pa. 412; Donlevy v. Supreme Lodge Shield of Honor, 1 Dist. R. 213.

PER CURIAM, January 3, 1893:
Judgment affirmed.

## Hodnett's Estate.    O'Reilly's Appeal.

*Will —Legacy—Charity—Trust—Act of April 26, 1855.*

A gift will not be deemed charitable merely from the nature of the professional character of the devisee.

Testatrix by a codicil to her will, executed two days before her death, gave one half of the residue of her estate " to the Pastor of the St. John's R. C. Church of Altoona, Pa." There was nothing in the evidence to show that the pastor of the church was present when the codicil was executed, or that he had been consulted, or that any communication had been made to him by testatrix respecting the legacy, or her wishes in regard to it. ·*Held*, that, in the absence of any evidence of facts or circumstances tending to establish a trust for either religious or charitable uses, the legacy was a personal bequest to the pastor of the church, and not affected by the act of April 26, 1855, making void bequests to charitable uses executed less than one calendar month before the death of the testator.