# White *v.* Empire State Degree of Honor, Appellant.

*Insurance—Contract—Acceptance of policy—Lex loci—Application—Indorsement on policy—Suicide—Proofs of death—Waiver.*

1. Where an application for insurance addressed to a foreign insurance company, differs from the contract of insurance, prepared and offered by the company, the contract of insurance will not be complete, until it has been accepted by the insured, and if such acceptance takes place in Pennsylvania, the contract will be deemed a contract of

Pennsylvania, and not of the state of the domicile of the insurance company.

2. An indorsement on the back of an insurance policy will not be regarded as part of the contract, where it is not referred to either in the policy, or in the application, and there is nothing to show that the parties meant it to be a part of the contract.

3. A policy of life insurance cannot be forfeited as against the beneficiary on the ground that the insured committed suicide, unless it is stipulated in the policy that suicide will avoid the contract.

4. Where an insurance company is notified of the death of an insured, and denies all liability on the ground that the insured committed suicide, such denial amounts to a waiver of further notice and proofs of death.

Argued Oct. 26, 1910. Appeal, No. 176, Oct. T., 1910, by defendant, from judgment of C. P. McKean Co., Oct. Term, 1908, No. 51, on verdict for plaintiff in case of Gertrude M. White v. Empire State Degree of Honor. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit to recover death benefit. Before BOUTON, P. J.

At the trial the defendant claimed that it was not liable because the insured committed suicide.

The court under objection and exception refused to permit the defendant to show that under the law of New York, which was the company's domicile, suicide was a crime. [1]

The court also under objection and exception refused to permit the defendant to show that under the law of New York, suicide was in the nature of a fraud, and was a defense to the policy. [2]

The court also under objection and exception refused to permit the defendant to show that the insured committed suicide. [3, 4]

The court also under objection and exception refused to permit the defendant to show that under the law of New York conditions indorsed upon a beneficiary's certificate were part of the contract though the certificate contained no reference to such condition. [5]

The court gave binding instructions for plaintiff. [6, 7]

Verdict and judgment for plaintiff for $1,080. Defendant appealed.

*Errors assigned* were (1–7) above rulings and instructions.

*R. B. Stone*, with him *D. H. Jack* and *C. A. Pickard*, for appellant.—Insurance policies are ordinarily governed by the law of the principal place of business of the company: Taylor v. Ins. Co., 50 U. S. 390; Fried v. Ins. Co., 47 Barb. 127; Eadie v. Slimmon, 26 N. Y. 9.

In contracts for insurance the rule is that the place of acceptance of the proposals for insurance is the place of the contract: Healy v. Bldg. & Loan Assn. 17 Pa. Superior Ct. 385; Burnett v. R. R. Co., 176 Pa. 45; Madden v. Penn. Electric Light Co., 181 Pa. 617; Musser v. Stauffer, 192 Pa. 398.

The contract was not only made in New York but it is also performable there: Bennett v. Eastern Bldg. & Loan Assn., 177 Pa. 233; Beso v. Eastern Bldg. & Loan Assn., 16 Pa. Superior Ct. 222; Brooke v. R. R. Co., 108 Pa. 529; Tenant v. Tenant, 110 Pa. 478; Forepaugh v. R. R. Co., 128 Pa. 217; Hughes v. R. R. Co., 202 Pa. 222.

The law of New York being applicable therefore, it is to be observed that it has been repeatedly determined by the court of appeals that a condition printed upon the back of a policy, though not referred to in the body of the policy, is a part of the contract: Roberts v. Ins. Co., 3 Hill (N. Y.), 501; Emerson v. Murray, 4 N. H. 171; Stocking v. Fairchild, 22 Mass. 181; Murdock v. Chenango Co. Mut. Ins. Co., 2 N. Y. 210; Sexton v. Montgomery Co. Mut. Ins. Co., 9 Barb. (N. Y.) 191.

It was too hastily assumed by the court below that the condition in question would not be read into the certificate by the courts of Pennsylvania: Girard Life Ins. Co. v. Ins. Co., 97 Pa. 15; Kensington Nat. Bank v. Yerkes, 86 Pa. 227.

*J. E. Mullin,* with him *Thomas B. Wilson* and *John P. Melvin,* for appellee.—The case is governed by the laws of Pennsylvania: Com. v. Keystone Benefit Assn., 171 Pa. 465; Hamilton v. Ins. Co., 5 Pa. 339; Meyer v. Supreme Lodge, K. of P., 178 N. Y. 63 (70 N. E. Repr. 111); affirmed, Supreme Lodge, K. of P. v. Meyer, 198 U. S. 508 (25 Sup. Ct. Repr. 754); Born v. Ins. Co., 120 Iowa, 299 (94 N. W. Repr. 849); Mock v. Council Royal Arcanum, 121 N. Y. App. Div. 474 (106 N. Y. Supp. 155).

The matter printed on the back of the certificate constitutes no part of the contract: Ferrer v. Ins. Co., 47 Cal. 416; Stone v. Casualty Co., 34 N. J. Law, 371; Page v. Knights and Ladies of America, 61 S. W. Repr. 1068; Planters' Mut. Ins. Co. v. Rowland, 66 Md. 236 (7 Atl. Repr. 257).

Proof of death was not necessary: Farmers' Mut. Fire Ins. Co. v. Ensminger, 12 W. N. C. 9; Girard Life Ins. Co. v. Ins. Co., 97 Pa. 15.

There is no implied condition against suicide: Penn Lodge, No. 105, K. of P. v. Chalfant, 1 Chester County Rep. 133; Morris v. Life Assur. Co., 183 Pa. 563; Supreme Lodge, K. of P. v. Kutscher, 72 Ill. App. 462; Supreme Lodge, K. of P. v. Trebbe, 74 Ill. App. 545; Supreme Council Royal Arcanum v. Pels, 209 Ill. 33 (70 N. E. Repr. 697); Royal Circle v. Achterrath, 204 Ill. 549 (68 N. E. Repr. 492); Kerr v. Minn. Mut. Ben. Assn., 39 N. W. Repr. 312; Mills v. Rebstock, 29 Minn. 380 (13 N. W. Repr. 162); Supreme Court of Honor v. Updegraff, 68 Kan. 474 (75 Pac. Repr. 477); Briggs v. Royal Highlanders, 84 Neb. 834 (122 N. W. Repr. 69).

Suicide is not a riotous or unlawful act: Com. v. Wright, 26 Pa. C. C. Rep. 666; Campbell v. Supreme Conclave, 66 N. J. Law, 274 (49 Atl. Repr. 550); Patterson v. Ins. Co., 100 Wis. 118 (75 N. W. Repr. 980); Royal Circle v. Achterrath, 204 Ill. 549 (68 N. E. Repr. 492).

OPINION BY HENDERSON, J., July 13, 1911:

This is an action on a beneficiary certificate issued by

the defendant on the life of Fred S. White and payable at his death to his wife the plaintiff. The defendant is a corporation organized under the laws of the state of New York and having its principal place of business in that state. Fred S. White and his wife were residents of Bradford, Pa., when he became a member of the association. The beneficiary certificate was issued pursuant to an application in writing signed by the insured, which application is declared in the certificate to be "a part of the contract of insurance and of this certificate." The application recites that it is made through an agent duly authorized. The certificate was delivered to the plaintiff at the city of Bradford, in this state. There were printed on the back of the certificate certain conditions, one of which was that the contract should be void if the party to whom it was issued should die "in any violation or attempt to violate any law of the United States or of any state or country in which he may be."

The defense set up was that the insured committed suicide, and reliance was placed on this indorsed condition of the policy which the defendant alleged had been violated by reason whereof it was relieved from liability. The indorsed conditions were not incorporated in the certificate and were not referred to therein, nor was it claimed that they constituted any part of the rules and laws of the defendant company. The learned trial judge refused to admit evidence that the insured had committed suicide and instructed the jury to find for the plaintiff on the evidence.

Two propositions are presented in the statement of the questions involved and in the argument of the appellant. The first is that the certificate was a contract of the state of New York and that there the conditions printed on the back of the certificate are recognized as part of the contract. The second is that if the contract was executed in Pennsylvania the conditions printed on the back of the certificate are part of the contract, although not referred to on the face of the certificate. The evidence is not full

in regard to the place of execution of the contract, but from the admissions and evidence it appears that the application was made through an agent of the defendant while the insured was a resident of Pennsylvania, and that the certificate was delivered to the plaintiff while she resided in the same state.   There is no evidence that the policy was transmitted by mail directly to the insured, nor that there was any other acceptance of the application than by the delivery of the policy.   The latter document contained conditions not embraced in the application and which affected the liability of the company and the character of the insurance.   It is evident therefore that the relation between the defendant and the plaintiff's husband did not become that of insurer and insured until the assent of the latter was evidenced by the acceptance and retention of the certificate without objection.   White was not bound to accept the certificate on the terms which it expressed, as they were not set forth in his application, and until he received the certificate or it was received by his wife for him, it cannot be said that he assented to the terms of the contract.   The transaction was completed therefore in Pennsylvania, and as no other place of performance was fixed by the certificate the presumption is that the contract was to be performed where entered into.   This is the doctrine of: Myers v. Insurance Co., 27 Pa. 268; Hamilton v. Lycoming Insurance Co., 5 Pa. 339; Mutual Life Insurance Co. v. Cohen, 179 U. S. 262; Equitable Life Assurance Society v. Clements, 140 U. S. 226; Supreme Lodge K. of P. v. Meyer, 198 U. S. 508; Expressman's Mutual Benefit Asso. v. Hurlock, 91 Md. 585; Born v. Home Insurance Co., 120 Ia. 299; Mock v. Supreme Council Royal Arcanun, 106 N. Y. Supp. 155; Reliance Mutual Insurance Co. v. Sawyer, 160 Mass. 413; Coverdale v. Royal Arcanum, 193 Ill. 91.

That the business carried on by the defendant is an insurance business is manifest.   It is of the same character as that described in Commonwealth v. Keystone Benefit Association, 171 Pa. 465.   We regard the contract,

therefore, as one executed in this state and to be performed here. It was not complete until the application of the insured had been accepted by the defendant in terms to which the insured gave his assent.

Does the stipulation on the back of the certificate affect the right of the plaintiff on the contract? As has been seen, it is not included in the beneficiary certificate, it is not signed by either of the parties, and it is not referred to in the application or certificate. The application and certificate are declared to be the evidence of the contract of insurance. This specification of the certificate as to the elements of the contract is definite and does not include the printed matter on the back of the document. In the absence of anything to show that it was intended to be and accepted as a part of the agreement, it should not be regarded as a part of the contract of the parties: Stone's Administrators v. U. S. Casualty Co., 34 N. J. L. 371; Planters' Mutual Insurance Co. v. Rowland, 66 Md. 236; Ferrer v. Insurance Co., 47 Cal. 416; Farmers' Ins. & Loan Co. v. Snyder, 16 Wend. 481; Page v. Knights & Ladies of America, 61 S. W. Repr. 1068.

The doctrine is thus stated in 16 Am. & Eng. Ency. of Law (2d ed.), 864: "An endorsement on the back of a policy may be regarded as part of the contract provided it is referred to in the policy as constituting part thereof; but if there is no reference whatever to it in the policy and nothing to show the parties meant it to be a part of the contract, it will be regarded merely as an act of the insurer and therefore not binding on the insured." We think it has not been made to appear that the indorsement on the back of the certificate was a part of the contract and the court rightly disregarded it.

Many cases hold that as against the beneficiary there can be no forfeiture of a life insurance policy where the insured committed suicide unless it is so stipulated in the contract. There are some cases to the contrary, but the great weight of authority sustains the action under such circumstances.

In Morris v. State Mutual Life Assurance Co., 183 Pa. 563, the court held that where the policy is silent as to suicide it will not for such act be avoided as against the wife of the deceased who is the nominated beneficiary. The following cases are to the same effect: Campbell v. Supreme Conclave, 66 N. J. L. 274; Supreme Conclave v. Miles et al., 92 Md. 613; Grand Legion of Ill., S. K. of A. v. Beaty, 224 Ill. 346; Mills v. Rebstock, 29 Minn. 380.

In Parker v. Des Moines Life Association, 108 Ia. 117, the court said: "Since a beneficiary takes by contract and not by inheritance, suicide by the assured does not avoid the policy in the absence of a provision that such should be its effect."

Of like import are: Briggs v. Royal Highlanders, 84 Neb. 834; The Supreme Court of Honor v. Updegraff, 68 Kan. 474; Patterson v. Life Insurance Co., 100 Wis. 118.

Many other cases might be cited bearing on this point, but it is unnecessary to extend the list.

Although not covered by the statement of the questions involved, the point is urged that the action cannot be maintained because the proofs of the death of the insured were not approved by the proper officer of the defendant at the home office as provided for in the beneficiary certificate before suit was brought, but it is admitted in the pleadings that due proof was made of the death of the insured and that the defendant thereupon expressly refused to pay the plaintiff the amount claimed on the policy or any part thereof and expressly denied any and all liability under the beneficiary certificate and on such a state of facts the refusal of the company to pay and denial of liability is a waiver of the approval of proofs. Where a company denies all responsibility and refuses to pay anything, such a defense amounts to a waiver of notice and proofs of death: Farmers' Mutual Fire Ins. Co. v. Ensminger, 12 W. N. C. 9; Girard Life Ins. Co. v. Mutual Life Ins. Co., 97 Pa. 15; McComes v. Ins. Co., 56 Mo. 573; Franklin Fire Ins. Co. v. Coates, 14 Md. 285.

The defendant having taken the position that it was not

liable on the policy, the officers of the company would of course decline to approve the proof of death received at the home office, but the plaintiff could not be deprived of her right of action under such circumstances. She was not bound to wait for the approval of the proofs when the company repudiated the contract.

The judgment is affirmed.