The First National Bank of Johnstown *v.* Teachers Protective Union, Appellant.

Argued April 19, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Russel R. Yost* of *Graham, Yost & Meyers,* for appellant.

*Edward J. Harkins* of *Scanlan and Harkins,* for appellee.

OPINION BY TREXLER, P. J., July 14, 1933:

This is an appeal from the order of the court below discharging appellant's rule to show cause why the service of the summons should not be set aside. The plaintiff, a minor, represented by a guardian, was a member of what is known as the Teachers' Protective Union, whose main office was and still is in Lancaster, Pennsylvania. Plaintiff claims benefits on account of illness according to the terms of her certificate, and the summons was issued in Cambria County, the sheriff of said county deputizing the sheriff of Lancaster County to serve it. The summons was served upon Rev. A. E. Cooper, secretary and general manager. An appearance d.b.e. was entered for the defendant, and the grounds alleged for the setting aside of the summons is first that the court acquired no jurisdiction over defendant by the service above set forth, and second, the defendant is incorporated as a fraternal benefit society of the State of Pennsylvania, having its principal office and place of business in the City of Lancaster, Lancaster County, Pennsylvania, as is shown by plaintiff's statement filed in the above action, and the service of the writ by the sheriff of Lancaster County is illegal and void. An answer was filed which denied the illegality of the service, avers no facts which are not stated in the plaintiff's petition, but claims that the service of the writ upon the defendant was properly made in accordance with the Act of Assembly in such cases made and provided. The case was heard by the lower court upon petition and answer, no depositions being taken. The court in

its opinion held that the service was legal under the Act of April 27, 1927, P. L. 398, which amends subsections fourth and fifth of Section one of the Act of July 9, 1901, P. L. 614. The appellant argues that although the Act of 1927 does, in the body thereof, plainly provide that domestic corporations may be sued in any county of the Commonwealth no reference is made to this provision in the title and, therefore, as far as this provision is concerned, the act is unconstitutional. The title reads as follows: "An Act to amend subsections fourth and fifth of section one of the act, approved the ninth day of July, one thousand nine hundred and one (P. L. 614), entitled 'An act relating to the service of certain process in actions at law, and the effect thereof, and providing who shall be made parties to certain writs,' by permitting issuance of writs against foreign corporations, out of any county of the Commonwealth of Pennsylvania, by a citizen or corporation of Pennsylvania, without regard to the place in which the insurance was effected, residence of the insured person at the time of his death, the location of the insured property or the county in which the cause of action arose."

The courts have repeatedly decided that any provision of an amendatory act, which comes under the scope of the title of the act amended, need not be referred to in the title of the amendatory act. The appellant, therefore, argues that while the title of the original act of 1901 was admittedly sufficiently broad to cover a provision allowing service outside of the county of its office upon domestic corporations, this has no application to the present case because the title of the amendatory act expressly says that its purpose in amending the act of 1901 is to permit an issuance of writs against foreign insurance companies, or other foreign corporations, and that no one reading the title would get any other impression, but that

its single purpose clearly expressed therein is to apply solely to foreign corporations, and that it is limited to that one particular matter. Courts have been very liberal in construing amendatory acts, but we must, with some reluctance, agree with the position that is taken by the appellant. The trouble is the drafter of the amendatory act said too much. He defeated one of the purposes for which the act was passed by confining the title to one particular phase of the subject of service. The numerous cases cited by the appellee support the position that a title of an amendatory act is sufficient if all the phrasings contained therein are germane to the subject matter of the original act, but they do not support the contention that when a title avows particularly or with accurate phrasing that its object is confined to but one branch of the subject, it can include some other. The use of the words, by which the purpose of the act is stated, limits its application. The rule is stated by Justice Mitchell in the case of Sugar Notch Boro, 192 Pa. 349, 43 A. 985, where a general title, sufficient to cover all the provisions of an act, is followed by specifications of the particular branches of the subject with which it proposes to deal, the scope of the act is not limited nor the validity of the title impaired except as to such portions of the general subject as legislators and others would naturally and reasonably be led by the qualifying words to suppose would not be affected by the act.

We repeat that the limiting by the title of the act to foreign insurance companies prevents its application to any other.

We have considered the case so far along the same line as taken by the lower court. The counsel for appellee suggest that as the matter is before the court on petition and answer even if we be of the opinion that the Act of 1927 does not apply, the petition should,

nevertheless, be dismissed. The facts should be developed before any action is taken to throw the plaintiff out of court. The general statement by the defendant in its petition that the court acquired no jurisdiction is unsupported by any proof. The statement that the defendant is a fraternal beneficial society having its principal office in Lancaster does not necessarily defeat the plaintiff's action for an inspection of the certificate, which appears in the papers filed, gives some support to the proposition that it is essentially a policy of insurance. It is not the name which determines the matter, but what the defendant company has done, and if it has issued policies of insurance, it would seem that it would be regarded as an insurance company in this connection. Marcus v. Heralds of Liberty, 241 Pa. 429, 88 A. 678.

The appellee argues that if the portion of the Act of 1927 applying to insurance companies, other than foreign, is invalid, the service in this case, may be sustained under Section 4 of the Act of July 9, 1901, P. L. 614, that the contract was effected in Cambria County where the insured resided. The determination of these questions requires the development of the facts more fully. We, therefore, although we cannot agree with the construction placed upon the Act of 1927 by the court, nevertheless, sustain its action in discharging the rule and allow the matters involved in the case to be determined as the case develops.

The order is affirmed.