## School District Subsidies

ARNOLD, Deputy Attorney General, July 10, 1934. — You have asked us whether a school district may receive in the second year of a biennium a larger State subsidy than it received in the first year of the biennium. You say that it has been the practice of your department to refuse to pay a greater amount in the second year than was paid in the first, even though changes in personnel, classification of teachers, or classification of the school district would have entitled the district to an increased amount.

The answer must depend on the construction of the Act of May 13, 1925, P. L. 681, which amended paragraphs 19 and 21 of section 1210 of the School Code of 1911. Prior to these amendments, the code required the filing of reports by school districts in the fall of the year preceding each fiscal biennium and provided for the payment of subsidies to the districts during the biennium on the basis of the information contained in those reports, and payments in the second year of the biennium could not exceed the amounts calculated on the reports.

The Act of 1925, supra, was entitled:

"An act to further amend paragraph nineteen and paragraph twenty-one of section one thousand two hundred and ten of an act, approved the eighteenth day of May, one thousand nine hundred and eleven (Pamphlet Laws, three hundred and nine), . . . to provide payments for teachers added and for schools closed in the second year of the biennium."

The body of the act added the following proviso to paragraph 19:

". . . And provided further, That in addition to the payments herein provided on account of members of the teaching and supervisory staff employed in

any school district, and on account of schools permanently closed or discontinued in any district, each district shall receive its proportionate share of the minimum salaries required to be paid to such additional members of the teaching and supervisory staff as may have been employed subsequent to the certificate to the Superintendent of Public Instruction in the November previous to the biennium year, and its apportionment as herein provided for additional schools permanently closed or discontinued subsequent to such certificate. Payments required by this proviso shall be made after certificate to the Superintendent of Public Instruction in the November of the biennium year in connection with and in addition to the first quarterly payment of the following biennium, as hereinafter provided."

It also amended paragraph 21 to read as follows:

"The Superintendent of Public Instruction shall ascertain and determine the amount of funds required to meet each of the four payments to school districts which become due and payable within the two fiscal years beginning June first, one thousand nine hundred and twenty-three, and ending on May thirty-first, one thousand nine hundred and twenty-five, and each biennium thereafter, on the data and material contained in the certificates which school districts are required by law to file with the said superintendent on November first immediately preceding the beginning of each biennium, and the said superintendent shall also apportion and allot the same to and among the respective districts; *Provided, That the amount paid to any school district within any biennium shall be computed on the data and information contained in the certificates required to be filed on the first day of November of each year, as herein provided.* In no case shall the amount paid to any school district exceed the amounts computed on such data." (Italics ours).

The only change made in paragraph 21 was in the last proviso, which prior thereto had read as follows:

". . . Provided, That the amount paid to any school district within any biennium shall in no case exceed an amount computed on the data and information contained in the certificate required to be filed in the November immediately preceding such biennium."

The change in paragraph 19 is clear. Thereafter, if in the second year of a biennium a school district employed additional teachers or closed schools which entitled it to additional subsidies, it was to receive the additional amounts, on the basis of reports filed in the first year of the biennium. We understand that you have regularly allowed such increases since that time, and have made up your budgets in contemplation of possible increases in the subsidies for the second year of the biennium arising from these causes.

Your present inquiry is whether you must also permit increases in subsidies within the biennium where the cause is a reclassification of the district or changed classification of teachers in the district.

Looking only at the body of the act, we would conclude that increases for any cause could be made in the second year of the biennium. The amendment to paragraph 19 authorized increased subsidies for limited purposes, but the amendment to paragraph 21 was broad enough to require all subsidies to be based on annual instead of biennial reports and to entitle districts to increases during a biennium if their annual reports showed grounds for it.

Here, however, the title of the Act of 1925 checks our progress. If the draftsman had contented himself with entitling the act as one to amend the specified paragraphs and section of the School Code, there could be no doubt that all the provisions of the act could stand, since they are germane to the subject of the code as it then existed. But, instead, the title attempted to specify the subject

of the amendment. The Superior Court has ruled in The First National Bank of Johnstown v. Teachers Protective Union, 109 Pa. Superior Ct. 467 (1933), that such a specification in the title of an amending act limits the scope of the act to the subject so named.

Here the title declares only the purpose of the Act of 1925 to amend the School Code with respect to payments for teachers added or schools closed during the biennium. Consequently, the force of the act is limited to those subjects in spite of the terms of paragraph 21; and as to any other matters the School Code must be read as though the amendment of 1925 had not been made.

Therefore, we advise you that, because of this defect in the title of the amendatory act, payments to a school district in the second year of a biennium may not exceed the amounts calculated on the report filed in the year preceding the biennium, except on account of teachers added or schools closed. Increases because of these two reasons are permitted.

From C. P. Addams, Harrisburg, Pa.