# Tkachik v. Russian Orthodox Fraternity "Lubov"

*David Schwartz* and *John L. Pipa, Jr.*, for plaintiff.
*Ernest Gazda* and *J. S. Russin*, for defendant.

LEACH, P. J., August 11, 1943.—Plaintiff sued defendant on a beneficiary certificate, issued by defendant, after the death of one Joseph Pieh. The constitution and bylaws of the society were not attached to

plaintiff's statement. Defendant asked for a more specific statement attaching the said documents, and alleged that it was a fraternal benefit association and did not come under the general insurance laws making such documents unnecessary.

Both the fact as to whether it is an organization that comes under the general insurance laws or is merely a fraternal organization, and the further fact as to what the constitution and bylaws of the organization provide are within the knowledge of defendant.

It has been decided in Engle v. National Council, etc., 133 Pa. Superior Ct. 149, 164, that there is always a question of fact as to "whether the fraternal organization has merely issued a certificate of membership with incidental death benefits, or is in fact carrying on a general insurance business. If the organization is actually carrying on an insurance business, then it will be bound by the general laws applicable to the life insurance business. See *Marcus v. Heralds of Liberty*, 241 Pa. 429, 88 A. 678; *Hatfield et al. v. Sov. Camp, W.O.W.*, 129 Pa. Superior Ct. 570, 196 A. 904."

It is further set forth in Souder, Admx., v. Philadelphia Police Pension Fund Assn., 344 Pa. 286, 289:

"Moreover, even if there were doubt in our minds as to what was in contemplation, we would adopt this construction—it being more favorable to plaintiff. It is a well-settled principle of law that '. . . construction must be put on the laws of the order, taken as a whole, which is most favorable to the members, and which most protects their beneficiaries. So when the rights of members or their beneficiaries are involved, by-laws declaring a forfeiture are to be construed strictly . . . so as to prevent . . . forfeiture . . . and in order to do complete justice': 10 C.J.S., Beneficial Association, Section 28."

A plaintiff who sued a beneficial association could plead that the constitution and bylaws are in the possession of defendant and not in the possession of

plaintiff. Such a plea would be unnecessary if the fraternal organization is in fact carrying on an insurance business. In any event, defendant has the facts within its own knowledge and may raise any point in its favor by pleading under new matter the constitution and bylaws. This would require a reply by plaintiff and raise the proper issue.

Now, August 11, 1943, the rule for more specific statement is discharged, and defendant is allowed 15 days to file its affidavit of defense and new matter if it so desires.