## Ohio Casualty Group v. Dunklebarger

*Joel O. Sechrist,* of *Eveler, Puckett & Trout,* for plaintiff.

*Paul S. Shaffer,* for defendant.

SHADLE, J., October 17, 1973.—Plaintiff, by way of subrogation, sued defendant to recover the fire loss which plaintiff was required to pay to its assureds under a fire policy, alleging that it was defendant who had caused the fire. Defendant filed preliminary objections in the nature of a demurrer to plaintiff's amended complaint on the sole ground that the insurance policy was void because it was not countersigned by the agent who issued it.

Even though an insurance policy expressly requires countersignature by an agent to become effective, such countersigning is not essential where the intention of the insurer to execute the policy and to have it become effective is sufficiently plain: Myers v. The Keystone Mutual Life Insurance Company, 27 Pa. 268 (1856); Curran v. The National Life Insurance Company of the United States of America, 251 Pa. 420 (1916); Ulledalen v. United States Fire Insurance Company, 23 N.W. 2d 856 (N.D. 1946). Here, plaintiff alleges that it issued the policy which became effective, and that it did, in fact, honor the policy by paying the loss thereunder to the insureds. Consequently, the failure of the issuing agent to countersign the policy is of no moment.

Furthermore, any equities or defenses which might have existed between the insured and the insurer under a policy may not be asserted by a third party against whom a subrogation claim is asserted after the policy has been honored by the contracting parties.

" [A] wrongdoer whose misconduct occasioned a loss under an insurance policy has no standing to assert any equities as between the insurer and the

insured, and consequently the existence of any circumstances which might have defeated an action to enforce the policy does not prevent or restrict the right of the insurer after it has honored a claim under the policy, to be subrogated to the insured's rights against such wrongdoer": 44 Am. Jur. 2d, Insurance, §1821.

### ORDER

And now, to wit, this October 17, 1973, defendant's preliminary objections to plaintiff's complaint are overruled and refused, with leave to defendant to file an answer on the merits to plaintiff's amended complaint within 20 days from this date.