IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

EASTERN DISTRICT—PHILADELPHIA 1868.

## Benners *versus* Clemens.

1. A debt contracted in a foreign country, in the absence of a contrary understanding, is payable there and in the legal currency of that country.

2. A judgment here, for such debt, should be in amount the value of gold in legal tender notes.

3. The *lex loci contractus* must control in interpreting such contract.

January 9th 1868.   Before THOMPSON, C. J., READ, AGNEW and SHARSWOOD, JJ.   STRONG, J., at Nisi Prius.

Error to the District Court of *Philadelphia:* No. 142, to July Term 1867.

This was an amicable action of assumpsit to December Term 1866, in which John Clemens was plaintiff and Isaac R. Benners, survivor of the firm of Isaac R. Benners & Co., defendant.   The claim was for a balance due by defendant on an invoice of fruit, contracted for in England and shipped to defendant to New York. The whole amount of the shipment was $2967.85, which was reduced to $896.95 by quercitron bark shipped to plaintiff.   The plaintiff claimed to recover this balance at gold prices with interest from December 17th 1863.   The only question in the case was whether it was to be paid on that basis.

William J. Morris, for the plaintiff, testified :—

" The plaintiff is a correspondent of my firm; they sent us this account to collect, and I called upon defendant with it.   He

[Benners v. Clemens.]

objected to paying it just then because, as he said, gold was too high, but he said he would endeavor to pay it before the year was out; he admitted that he owed the account, that Clemens need be in no hurry as he would get interest. This account is made up on the basis of gold, and the charges are made as payable in gold."

The court (Hare, A. J.) charged, amongst other things:—

"If you find that the agreement was that the defendant was to pay in gold, or to give so much more in United States or paper currency as would make his payment in that medium equivalent to the balance due with interest in gold, then you will find for the plaintiff for the whole amount of his claim calculated on that basis."

The verdict was for $1456.65, the whole amount of the plaintiff's claim.

The defendant took a writ of error. The error assigned was the charge of the court.

C. Guillou, for plaintiff in error, cited Shollenberger v. Brinton, 2 P. F. Smith 9, and the Legal Tender Cases following; Murray v. Harrison, Leg. Int., July 19th 1867.

T. H. Speakman, for defendant in error, cited Cash v. Kennion, 11 Ves. 315; Story on Bills 168; Denston v. Johnson, 13 Johns. Rep. 322; Story's Conflict of Laws, §§ 281, 309; Smith v. Shaw, 2 W. C. C. R. 167; Lee v. Wilcocks, 5 S. & R. 49; Murphy v. Camac, 4 W. C. C. R. 307.

The opinion of the court was delivered, January 20th 1868, by
Thompson, C. J.—The debt sued for was a debt contracted in England, or rather the balance of a debt contracted and partially liquidated there by returns in quercitron bark. In the absence of any understanding to the contrary the balance was due and payable there. This being so, it was payable in the legal currency of the country, denominated pounds, shillings and pence, and the representative of gold. Of course, as any payment obtained here would be payable in legal tender notes, the value of the gold in legal tenders, with interest, would be what in amount the judgment should be. The lex loci contractus must control in interpreting the contract: Allshouse v. Ramsay, 6 Whart. 331; Watson v. Brewster, 1 Barr 381, and authorities cited by the defendant in error. This view of the case is sufficient to affirm the judgment without reference to any question arising on our Legal Tender Acts.

The judgment being right in amount is affirmed.