THE FRISBIE THROWING COMPANY, RESPONDENT, v. LONDON GUARANTEE AND ACCIDENT COMPANY, LIMITED, APPELLANT.

Submitted February 15, 1929—Decided May 20, 1929.

For the appellant, *Robert Carey.*

For the respondent, *Albert Comstock.*

The opinion of the court was delivered by

BODINE J. The plaintiff recovered a verdict against the defendant on a contract of credit insurance. The policy insures the Frisbie Throwing Company with respect to losses incurred in the thrown silk business.

The trial court received evidence that the insured was also engaged in the raw silk business, and had so stated in its application for insurance and submitted to the jury the question as to whether the policy covered such losses.

"The construction and effect of a written instrument is a matter of law to be determined by the court and not by the jury. This rule of law is firmly settled in this court by a long line of cases. *Grueber Engineering Co.* v. *Waldron,* 71 *N. J. L. 597.* But when the construction of a written instrument depends upon extrinsic facts, as to which there is a dispute, its construction is a mixed question of law and fact and presents a jury question, under proper instructions from the court." *Sommer Faucet Co.* v. *Commercial Casualty Insurance Co.,* 89 *Id.* 693, 695.

"Where there is no ambiguity in the terms of [the written contract] its interpretation is a question of law for the court and should not be left to the jury." *McLaren* v. *Marmon-Oldsmobile Co.,* 95 *N. J..L.* 520, 524.

"The law will not make a better contract for parties than they themselves have seen fit to enter into, or alter it for the benefit of one party and to the detriment of the other. The judicial function of a court of law is to enforce a contract as it is written." *Kupersmith* v. *Delaware Insurance Co.,* 84 *N. J. L.* 271, 275.

The policy in suit is perfectly clear upon its face. It insures the risks incidental to the conduct of the thrown silk business, and it is immaterial that the insured may have been engaged in another business at the time he secured the contract of insurance. If he had not wanted the policy as written, he could have returned it.

The policy of insurance further provided that the gross amount to be covered in sales to any one debtor should be limited as set forth in a table of ratings. This table covered the amount of insurance on each risk according to the credit

ratings as set forth in the latest book of the R. G. Dun Mercantile Agency. The policy further provided that a normal loss of $5,100 was not to be covered by the policy, and that from every loss there should be first deducted ten per cent. as and for co-insurance.

The proofs on plaintiff's case are most difficult to follow, and not at all convincing. Since the policy covered merely losses in the thrown silk business, the sales book in which the character of the silk sold appeared is a most important link in the proofs. This book, however, was lost and plaintiff's sole witness testified from his best recollection as to the character of the merchandise sold. He was not sure whether the silk sold to the Lee Silk Mills was raw or thrown silk. On the Nusbaum account, he admitted a credit of $315 should have been given which would reduce the account to $1,260.04. He further admitted, as to the Eastern Silk Corporation account, that $2,421.53 may have been for raw silk. Deducting this from the gross amount of $3,550.53 proved leaves a balance for thrown silk of $1,139. He did prove that there was due on the Hartze account, for thrown silk sold subsequent to the policy, $1,504.23. The total of the proved losses is obviously less than the normal loss.

As to the Salzberg account, there was no proof that Salzberg had the credit rating called for under the policy. The defendant showed by proper proof that he did not have such credit rating.

The plaintiff not having shown a loss in excess of $5,100, the motion to nonsuit should have been granted.

*For affirmance*—KALISCH, BLACK, VAN BUSKIRK, JJ. 3.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, WHITE, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 13.