## LONG v. MORRIS.
### No. 7932.

Circuit Court of Appeals, Third Circuit.

Argued April 9, 1942.

Decided May 21, 1942.

Rehearing Denied June 30, 1942.

Edwin D. Steel, Jr., of Wilmington, Del., and Charles J. Hepburn, of Philadelphia, Pa. (Philip R. Hepburn, of Philadelphia, Pa., on the brief), for appellant.

Walter Biddle Saul, of Philadelphia, Pa. (Otto Kraus, Jr., and Saul, Ewing, Remick & Harrison, all of Philadelphia, Pa., on the brief), for appellee.

Before MARIS, JONES, and GOODRICH, Circuit Judges.

PER CURIAM.

This case was tried and disposed of below upon the assumption that the rights of the parties to the suit were to be governed according to the law of Pennsylvania. The suit was in a federal court (sitting in Pennsylvania) whose jurisdiction rested upon diversity of citizenship. The law (parol evidence rule) pertinent to the establishment of the contract in suit relates to matter of substance. 3 Beale, Conflict of Laws (1935) § 599.1. The rule of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114

654

A.L.R. 1487, therefore, attaches. The requirement that, where federal jurisdiction depends upon diversity of citizenship, substantive rights are to be adjudged according to local law contemplates the application of the local state's rule of conflicts as well. Klaxon Co. v. Stentor Electric Manufacturing Co., Inc., 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477.

■ In the instant case the contract in suit had been made in Delaware. Under the Pennsylvania rule of conflicts the rights and liabilities of the parties were to be determined according to the law of the place of contracting. Cf. Marcus v. Heralds of Liberty, 241 Pa. 429, 433, 88 A. 678; see also Restatement, Conflict of Laws (1934) § 346; 2 Beale, supra, p. 1210. Consequently the controlling Pennsylvania law was to be ascertained by that state's rule of reference to the law of Delaware. Klaxon Co. v. Stentor Electric Manufacturing Co., Inc., supra, and Peerless Weighing & V. Mach. Corp. v. International T. S. Corp., 3 Cir., 126 F.2d 239, 241.

■ It so happens that the parol evidence rule, which is here involved, is the same in Delaware as it is in Pennsylvania. Counsel for both parties so concede. In Universal Products Co. v. Annette E. Emerson, 6 W. W. Harr. 553, 36 Del. 553, 568, 179 A. 387, 100 A.L.R. 956 (the suit which produced the fee now in controversy), the Delaware Supreme Court, citing among other cases Dougherty v. Briggs, 231 Pa. 68, 79 A. 924, held that "where the question, as to whether an alleged contract was made, turns [as here] on the proper conclusion to be drawn from a series of letters and telegrams considered in connection with other pertinent facts and circumstances proved", the question is for the jury. Also, see Foreman's Systems, Inc., v. Milk Dealers' Crate Corp., 13 Del. Ch. 351, 362, 120 A. 358. Comparison of the Delaware rule with the rule in Pennsylvania as enunciated in Gianni v. R. Russell & Co., Inc., 281 Pa. 320, 126 A. 791, which the learned court below cited and relied upon, will disclose the similarity of the two rules. Consequently the law which the trial court applied was to the same effect as the law which would have been found upon reference to the law of Delaware so that, substantially, the case was ruled in keeping with the law of Delaware.

■ Nothing need be added to what was said in the opinion of the learned trial judge in disposing of the defendant's motions for judgment and for a new trial. Under the parol evidence rule, as pertinently applied by the court below, the essential findings with respect to the existence of the contract and its terms depended upon the solution of issues of fact which it was the jury's province to resolve. The case was fairly tried and submitted under instructions which were both proper and adequate, and the jury's answers (in the nature of a special verdict) to the questions propounded by the trial court concluded the facts in the plaintiff's favor. Thereby it was established that the admitted original parol agreement between the parties with respect to the division between them of a contingent fee for legal services to a particular client continued to subsist unaltered in any particular as between the contracting parties. In that situation, the trial court had no alternative but to enter judgment on the jury's verdict for the plaintiff.

The judgment of the District Court is affirmed.