## NEW YORK LIFE INS. CO. v. LEVINE.
### No. 8341.

Circuit Court of Appeals, Third Circuit.
Argued July 12, 1943.

Decided Oct. 18, 1943.

Rehearing Denied Nov. 19, 1943.

Arthur S. Arnold, of Philadelphia, Pa., for appellant.

Edward J. Fox, Jr., of Easton, Pa. (Fox & Barber, of Easton, Pa., on the brief), for appellee.

Before BIGGS, MARIS, and JONES, Circuit Judges.

MARIS, Circuit Judge.

The New York Life Insurance Company filed a complaint in the District Court for the Eastern District of Pennsylvania seeking to have four policies which it had issued to Jacob Levine reformed by changing the insured's date of birth from January 10, 1878, to January 10, 1875. The insured answered that the date of birth as stated in the policies was correct. The cause was tried to a judge without a jury. The court found that the insured's date of birth was correctly stated in the policies and dismissed the complaint. The insured also filed a counterclaim seeking recovery of disability benefits upon three of the four policies involved in the bill of complaint.[1] The court entered judgment for the company upon the counterclaim.

The court found that the insured was disabled April 1, 1937; that the disability commenced prior to the date when the insured became 60 years of age, which date was January 10, 1938; that the disability was total and permanent within the purport of the policies; that the premiums were fully paid; and that the insured filed proof of disability with the company on August 12, 1940. The court refused the insured recovery on policy No. 11,277,967 because it concluded that by the terms of that policy the insured was bound to furnish proof of disability not later than November 9, 1938. The insured does not appeal from so much of the judgment as deals with this policy.

The reasoning which moved the court to enter judgment against the insured upon

---

[1] Policies No. 11,277,967, No. 8,375,155 and No. 11,150,820.

policies Nos. 8,375,155 and 11,150,820 is of a different nature. The court concluded, in the absence of any express provision dealing with the time for filing proof of disability, that such proof had to be filed within a reasonable time. It then found as a fact that a delay of three years and four months after the disability began and two years and seven months after the insured became 60 years of age, was unreasonable. The insured has appealed from the judgment insofar as it denies him recovery of income payments due under these two policies.

The question to be determined upon this appeal is whether the court erred in holding that proof of disability had to be filed within a reasonable time after the inception of the disability or after the insured became 60 years of age as a prerequisite to the recovery by the insured of disability benefits. We think that the holding was erroneous.

The insured purchased policies Nos. 8,375,155 and 11,150,820 in 1923 and 1930 respectively. Each year, in addition to the premiums for life insurance, he paid $23.84 for insurance protection in the event he became disabled. These premiums were paid by the insured up to the time of suit. Each policy contained provisions dealing solely with disability benefits. Policy No. 8,375,155 provides:

"* * * The Company agrees to pay to the insured One per cent of the face of this policy ($10 per $1,000) each month during the lifetime of the insured and also to waive the payment of premiums, if the insured becomes wholly and permanently disabled before age 60, subject to all the terms and conditions contained in Section 1 hereof.

"Section 1—Disability Benefits

"1. Disability benefits shall be effective upon receipt at the Company's Home Office, before default in the payment of premium of due proof that the Insured became totally and permanently disabled after he received this Policy and before its anniversary on which the Insured's age at nearest birthday is 60 years.

*     *     *     *     *

"2. Income Payments.—The Company will pay the Insured, * * * a monthly income of one percent of the face of the Policy during the lifetime of the Insured and the continuance of such disability. The first income payment shall become due on the first day of the calendar month following receipt of proof of total and permanent disability or proof of continuous total disability for three consecutive months, as above, and succeeding payments shall become due on the first day of each calendar month thereafter. Any income payments becoming due before the Company approves the proof of disability shall become payable upon such approval and subsequent payments will be made as they become due."

Policy No. 11,150,820 provides:

"* * * upon receipt of due proof that the Insured is totally and presumably permanently disabled before age 60, as defined under 'Total and Permanent Disability', The Company Agrees To Pay To The Insured Twenty Dollars each month, and to waive payment of premiums, as provided therein. * * *

"Total and Permanent Disability.

"Disability shall be considered total whenever the Insured is so disabled by bodily injury or disease that he is wholly prevented from performing any work, from following any occupation, or from engaging in any business for remuneration or profit, provided such disability occurred after the insurance under this Policy took effect and before the anniversary of the Policy on which the Insured's age at nearest birthday is sixty.

"Upon receipt at the Company's Home Office, before default in payment of premium, of due proof that the Insured is totally disabled as above defined and will be continuously so totally disabled for life, or if the proof submitted is not conclusive as to the permanency of such disability, but establishes that the Insured is, and for a period of not less than three consecutive months immediately preceding receipt of proof has been, totally disabled as above defined, the following benefits will be granted: * * *

"(b) Income Payments.—The Company will pay to the Insured the monthly income stated on the first page hereof ($10 per $1,000 of the face of this Policy) for each completed month from the commencement of and during the period of continuous total disability. * * *"

Nowhere in either of these policies is there any provision, by way of condition or otherwise, as to the time within which proof of disability had to be filed. The court presumed that the policies required

that the company had to be given notice or proof of disability within a reasonable time because of the court's belief that failure to give notice within a reasonable time after the insured's sixtieth anniversary put the company under a disadvantage which the parties did not intend it should incur. It is just as reasonable, however, to presume that the company did not specify the time for filing proof of disability because it deemed itself sufficiently protected by the fact that the insured had much to gain by promptness. Be that as it may, if the company did not desire to undertake the risk of insuring against disability unless it received proof of disability within a reasonable time it had available the vast resources of the English language upon which to draw to express just such a condition to its liability. It must be remembered that except for such terms as are dictated by statute it is the company which drafts the contract of insurance, passing upon both the terms and the language, and that a member of the public who purchases insurance protection must look to the four corners of the policy to determine what he is receiving in exchange for the premium which he pays. Clearly and without ambiguity this company in each of the two policies from which we have quoted undertakes to make monthly income payments to the insured if he becomes totally and permanently disabled, if his disability is incurred before he is 60 years old, if his premiums are not in default and if he gives to the company proof of disability. There is no condition that the protection which the insured justifiably believes he has purchased ceases to exist if he does not give the company proof of disability within a reasonable time. Nor do we think it proper to read into the policy such a condition [2] unless we are compelled to do so by applicable state law.

Before we determine what law the district court should have applied to the construction of these policies we must ascertain the conflict of laws rule which would be followed by the courts of Pennsylvania, the state in which the district court sits.[3] Under the Pennsylvania conflict of laws rule the interpretation of a contract is determined by the law of the place of contracting.[4] In Pennsylvania it is held that the place of contracting in the case of an insurance contract is the place where the policy was delivered.[5] In the absence of proof as to where the policies were delivered it is presumed that delivery took place at the insured's residence.[6] Since the insured was a resident of Pennsylvania the courts of that state would apply Pennsylvania law in interpreting the policies. We, therefore, turn to the consideration of the Pennsylvania cases dealing with proof of disability.

There are many Pennsylvania cases in which it has been held that a clause which calls for due proof of disability constitutes the giving of such proof a condition precedent to recovery.[7] It follows that there could be no recovery of disability benefits under the two policies in question unless the company had been given due proof of disability. It does not follow from these authorities, however, that if the company has actually been supplied with due proof of disability, there may still be no recovery of disability benefits if the giving of the proof has been delayed. This is true even if the delay has been for a period so long as to be fairly characterized as unreasonable.

We think it quite significant that when the Pennsylvania appellate courts have had before them factual situations similar to that in the case before us they have not denied the insured recovery because of an

[2] See Francis v. Prudential Ins. Co., 1914, 243 Pa. 380, 90 A. 205; see also cases cited in Aetna Life Ins. Co. v. Moyer, 3 Cir., 1940, 113 F.2d 974, 978.

[3] Klaxon Co. v. Stentor Co., 1941, 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477; Long v. Morris, 3 Cir., 1942, 128 F.2d 653, 141 A.L.R. 1041.

[4] Allshouse v. Ramsay, 1841, 6 Whart. 331, 37 Am.Dec. 417; Watson v. Brewster, 1845, 1 Pa. 381; Benners v. Clemens, 1868, 58 Pa. 24.

[5] Western Mass. Mut. Fire Ins. Co. v. Storage Co., 1898, 6 Pa.Super. 288, 291; Hardiman v. Fire Ass'n of Philadelphia, 1905, 212 Pa. 383, 61 A. 990.

[6] White v. Empire State Degree of Honor, 1911, 47 Pa.Super. 52, 57; Harry L. Sheinman & Sons v. Scranton Life Ins. Co., 3 Cir., 1941, 125 F.2d 442.

[7] To cite but a few: Perlman v. New York Life Ins. Co., 1932, 105 Pa.Super. 413, 161 A. 752; Lucas v. J. Hancock M. Life Ins. Co., 1935, 116 Pa.Super. 298, 176 A. 514; Lyford v. Insurance Co., 1936, 122 Pa.Super. 16, 184 A. 469; Jenkins v. Mutual Life Ins. Co., 1938, 130 Pa.Super. 442, 198 A. 486; Equitable L. A. Soc. v. McCausland, 1938, 331 Pa. 107, 200 A. 85; Buntz v. General Amer. Life Ins. Co., 1939, 136 Pa.Super. 284, 7 A.2d 93; Farmers Trust Co. v. Reliance Life Ins. Co., 1940, 140 Pa. Super. 115, 13 A.2d 111.

unreasonable lapse of time in filing notice or proof of disability. Thus in Lucas v. J. Hancock M. Life Ins. Co., 1935, 116 Pa. Super. 298, 176 A. 514, although the proof of disability was not filed until four years after the inception of the disability the court nevertheless construed the policy as allowing recovery of disability benefits subsequent to proof. While it entered judgment for the company that judgment related only to the disability benefits which the insured had claimed for the period prior to his filing of proof of disability.

In Lyford v. New England Mut. Life Insurance Co., 1936, 122 Pa.Super. 16, 184 A. 469, the insured was totally and permanently disabled May 6, 1933. He notified the company March 21, 1934. Once again the court failed to base its decision upon the proposition that the lapse of time between disability and proof was unreasonable. Instead, as in the Lucas case, it rested the decision upon the theory that no disability benefits could be recovered except for the period after receipt of proof of disability.

In Wuerfel v. Metropolitan L. Ins. Co., 1940, 343 Pa. 291, 22 A.2d 747, the insured was disabled April 12, 1929 but did not file notice of disability with the insurer until February 13, 1934, almost five years later. The Supreme Court affirmed a judgment for the insured. The court did not refer in its opinion to the unreasonableness of the lapse of time between disability and notice although the point was fully presented in the briefs.

It will thus be seen that the Pennsylvania courts, though holding that proof of disability is a condition precedent to the recovery of disability benefits, have refrained, even when the point has been strongly urged upon them, from holding that the filing of proof of disability within a reasonable time is a condition precedent where the policy is silent as to the time for filing.[8]

We conclude that under the law of Pennsylvania the proof of disability filed by the insured in this case may not be treated as ineffective because it was not filed within a reasonable time. Whether under the policy provisions and the facts of the case the insured was entitled to recover under either policy for any period prior to the date on which he filed the proof of disability is another matter. This question the district court must determine upon the remand of the case.

The judgment, insofar as it denies the insured the right to recover disability income benefits upon policies Nos. 8,375,155 and 11,150,820, is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

[8] The Pennsylvania courts have considered the reasonableness of the time within which notice or proof of disability has been filed but only in cases in which the insurance policies being construed required that notice or proof of disability had to be filed "immediately", "promptly", "forthwith" or within a stipulated time. In such cases the Pennsylvania courts have held that compliance within a reasonable time was sufficient and have determined what was a reasonable time under the facts and circumstances of each case. See Curran v. Natl. Life Ins. Co. of United States of America, 1916, 251 Pa. 420, 96 A. 1041; Hughes v. Central Acc. Ins. Co., 1909, 222 Pa. 462, 71 A. 923; People's Mut. Accident Ass'n v. Smith, 1889, 126 Pa. 317, 17 A. 605, 12 Am.St.Rep. 870; Coventry, etc., Ins. Ass'n v. Evans, 1883, 102 Pa. 281.