## Acacia Mutual Life Insurance Co. v. Ambrose

Before Gibson, P. J., Carson and Cummins, JJ.

*Miller & Schmidt*, for complainant.

*David I. McAlister*, for defendant.

CUMMINS, J., September 29, 1947.—Plaintiff filed its bill in equity setting forth:

1. That it was incorporated under an act of Congress, having its principal place of business in the District of Columbia;

2. That on February 29, 1944, it issued to Elizabeth Patrick, the insured, a life insurance policy in the sum of $2,000, payable to her son, Richard Gerald Ambrose, defendant, who was a minor of the age of about 12 years;

3. That this policy of life insurance was issued and delivered to Elizabeth Patrick at Norfolk, Va., where she resided;

4. That this policy was incontestable after one year from its date of issue except for nonpayment of premiums and several other exceptions which are not material;

5. That on July 17, 1945, the policy lapsed for nonpayment of premiums and was reinstated on July 25, 1945, on written application of the insured, wherein plaintiff alleges false statements were made regarding insurability;

6. That the said insurance policy lapsed on March 28, 1946, by reason of the nonpayment of premiums and was reinstated on April 1, 1946, on the written application of the insured which plaintiff alleges contained false statements regarding insurability;

7. That if true information had been given by the insured regarding insurability, the policy would not have been reinstated;

8. That Elizabeth Patrick died on October 4, 1946, as a result of a disease of the heart;

9. That claim has been made for the face of the policy and defendant will have no defense under the laws of Virginia where the policy was written and, so far as we can ascertain, where the insured died.

Plaintiff prays for the appointment of a guardian for the minor, that the court will declare the policy void and unenforcible and will enjoin the minor or his guardian from bringing any action on the policy of insurance, and for general relief.

Defendant has filed preliminary objections to the plaintiff's bill and in objection no. 3 specifically questions the jurisdiction of the court to grant the relief prayed for. The reason why relief should not be granted may not be aptly expressed; however, there is no doubt that the question of jurisdiction is raised. That is the only question which requires determination at this time.

While fraud is a well-recognized subject of equity jurisdiction, it is not every case where fraud is alleged that a court of equity should take jurisdiction.

In Bishoff v. Valley Dairy Co., 302 Pa. 125, 133, the Supreme Court said:

"Even where there is fraud, if it relates to the transfer of personal property and the party has an adequate remedy at law, equity will not ordinarily take jurisdiction", citing cases.

This appears to be a well-recognized rule in Pennsylvania, and the court is required to exercise a sound discretion in determining whether or not a court of equity should exercise jurisdiction.

We are asked to decree a revocation or rescission of the insurance contract after the death of the insured when the only act necessary to a full performance of this contract is the payment of the amount specified in the policy. A different question might arise if the insured were living and the insurance contract continued in effect.

In Henry's Equity Jurisdiction and Practice in Pennsylvania, the author, on page 32, points out that the power to decree a rescission of a contract, while well established, will never be exercised except in clear cases; that the specific performance of a contract may be refused in cases of inadequacy of price, improvidence, surprise, or hardship, but these are not sufficient for a judicial rescission of it; that to justify a rescission there must be fraud, mistake or illegality, or an entire failure of consideration. When a writing, by reason of fraud, mistake or illegality, or an entire failure of consideration, ought not to be used, it is against conscience and equity for a party to retain it, because while it exists it is always liable to be used for an improper purpose and perhaps at a time when proper remedies to avoid it may have been lost. In such a case equity will order it to be delivered up and canceled.

Such is not the case here according to the allegations of the bill, and we are bound by those allegations for the purposes now under consideration. Plaintiff

elected to go into and transact business in the State of Virginia where the insurer lived. Every transaction alleged took place there, and upon the death of the insured there remains nothing to be done except to pay the face of the policy or, in the event this was not done, for the beneficiary to bring an action of assumpsit to compel such payment. No reason has been suggested, either in the briefs or the oral arguments, why plaintiff cannot set up its defense of fraud to that action, except that it alleges the laws of Virginia prohibited such defense.

Under the decisions in this State, those same laws would apply in an action of assumpsit here, and they should also apply in a proceeding in equity to cancel and void this completed contract.

Generally as to its formalities and its interpretation, obligation and effect, a contract is governed by the laws of the place where it is made, and if it is valid there it is valid everywhere; but the presumption is that parties enter into a contract with reference to the laws of the place of performance, and unless it appears that the intention was otherwise those laws determine the mode of fulfillment and obligation and the measure of liability for its breach; therefore when a contract is made in one State or country to be performed in another State or country its validity and effect are to be determined by the laws of the place of performance: Burnett v. Pennsylvania Railroad Co., 176 Pa. 45. As to what law governs in the construction of a contract see also, Watson et ux. v. Brewster, 1 Pa. 381, Benners v. Clemens, 58 Pa. 24, Waverly National Bank v. Hall et al., 150 Pa. 466, Baum v. Birchall, 150 Pa. 164, Tennant et al. v. Tennant, admr., etc., 110 Pa. 478, Mullen v. Morris, 2 Pa. 85, and Somerset County v. Bloom, 29 Del. Co. 365.

We have not overlooked the decision in New York Life Insurance Company v. Brandwene et ux., 316 Pa. 218, and cases of that type. In all of that class of cases, the insured was living, was available to make a defense,

was continuing to claim rights under the policy, and such fraud was shown that in equity and good conscience the insured ought not to be permitted to retain the contract and continue to pay the premiums and perhaps at some future time use it for improper purposes. In that type of cases the insurer had no adequate remedy at law. Those are not the circumstances in this case. So far as the insured is concerned, the contract has been fully performed and there remains but the prosecution of the claim by the beneficiary. Under the circumstances, we do not think a court of equity can properly assume jurisdiction, and plaintiff's bill should be dismissed.

*Order*

And now, September 29, 1947, plaintiff's bill, for the reasons set forth above, is hereby dismissed at the cost of plaintiff.