**ROLLE MFG. CO., Inc. v. MARCO CHEMICALS, Inc.**

**No. C. 18–50.**

United States District Court
Third District. New Jersey.
March 24, 1950.

Mills, Jeffers & Mountain, Morristown, N. J., for plaintiff.

Hetfield & Hetfield, Plainfield, N. J., for defendant.

SMITH, District Judge.

This is a civil action in which the plaintiff asserts a claim for an amount allegedly due from the defendant under a contract. The action is before the Court at this time on a motion for summary judgment filed by the defendant under Rule 56(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

The motion is predicated primarily upon affidavits and the exhibits annexed thereto; the defendant filed no answer to the complaint. The opposition to the motion is predicated upon the complaint and the exhibits annexed thereto, and affidavits.

■ It is our opinion that the present record will not support a determination that there is no genuine issue of fact, a determination essential to the entry of summary judgment. It clearly appears therefrom that there is a genuine issue as to the terms of the contract and the construction thereof. This issue appears, at least at this stage of the action, to be an issue of fact.

The claim here asserted by the plaintiff is based solely on its construction of the contract. The defense interposed by the defendant in its affidavit is based solely on its construction of the contract. There is admittedly no formal contract; the contract is apparently embodied in correspondence which passed between the plaintiff and the defendant, and between the plaintiff and a third party. An examination of this correspondence discloses that the contract thus made is not free of ambiguity; in fact, some of its terms appear to be in conflict. It must be conceded that the construction of the contract urged by the defendant at this time may support the defense raised in its affidavit. This construction, however, is disputed by the plaintiff in its counter-affidavits.

■ The construction of the present contract is an issue only because its essential terms appear to be in conflict and the language of the several letters in which these terms are embodied is ambiguous. It would seem to follow that the contract may be properly construed only after a consideration of the circumstances under which it was made and the meaning ascribed by the parties to its ambiguous language. Kingston Trap Rock Co. v. Eastern Engineering Co., 132 N.J.L. 254, 39 A.2d 422, 425; Lippincott v. Content, 123 N.J.L. 277, 8 A.2d 362, 363. The parties must therefore be afforded the opportunity to offer proof, not by affidavit but on a trial of the action.

■ It is the general rule that the construction of a contract is a question of law

for the court. Frisbie Throwing Co. v. London Guarantee & Accident Co., 105 N.J. L. 613, 146 A. 215, 216; Booth v. Hartford Accident & Indemnity Co., 125 N.J.L. 601, 17 A.2d 591, 592. This general rule, however, presupposes the absence of any issue of fact. Where the contract is ambiguous and parole evidence is relevant and material to the issue of construction, the construction of the contract is a question of fact. Edge v. Boardwalk Securities Corp., 115 N.J.L. 286, 179 A. 270, 272; see also Floyd v. Ring Const. Corporation, 8 Cir., 165 F.2d 125, 129. This is not to suggest that parole evidence may be introduced to alter or contradict the clear terms of a contract. Such evidence becomes relevant and material only where, as here, the terms of the contract are ambiguous and construction becomes an issue of fact. Corn Exchange Nat. Bank & Trust Co. v. Taubel, 113 N.J. L. 605, 175 A. 55, 58; see also Long v. Morris, 3 Cir., 128 F.2d 653, 654, 141 A.L.R. 1041.

The affidavit submitted by the defendant is nothing more than a verified answer to the complaint; it contains denials of the essential allegations of the complaint and a statement of defenses to the claim therein asserted. The affidavit, even though responsive to the allegations of the complaint, cannot be treated as "proof contradictory to well-pleaded facts in the complaint." Frederick Hart & Co. v. Recordgraph Corp., 3 Cir., 169 F.2d 580, 581; Rogers v. Girard Trust Co., 6 Cir., 159 F.2d 239, 241. No answer having been filed by the defendant, the allegations of the complaint must be taken as true. Ibid.

It is our opinion that trial judges should bear in mind the admonition of Judge Frank in the case of Doehler Metal Furniture Co. v. United States, 2 Cir., 149 F.2d 130, 135: "We take this occasion to suggest that trial judges should exercise great care in granting motions for summary judgment. A litigant has a right to a trial where there is the slightest doubt as to the facts, and a denial of that right is reviewable; but refusal to grant a summary judgment is not reviewable. Such a judgment, wisely used, is a praiseworthy time-saving device. But, although prompt despatch of judicial business is a virtue, it is neither the sole nor the primary purpose for which courts have been established. Denial of a trial on disputed facts is worse than delay. Cf. Arenas v. United States, 322 U.S. 419, 429, 433, 64 S.Ct. 1090, 88 L.Ed. 1363. The district courts would do well to note that time has often been lost by reversals of summary judgments improperly entered."

The motion for summary judgment is denied.