### SHAFER v. REO MOTORS, Inc.
No. 11001.

United States Court of Appeals
Third Circuit.

Argued June 19, 1953.

Decided July 14, 1953.

Rehearing Denied July 29, 1953.

686

Harold E. Harper, Pittsburgh, Pa. (Alter, Wright & Barron, Pittsburgh, Pa., on the brief), for appellant.

John M. Reed, Pittsburgh, Pa., for appellee.

Before MARIS, McLAUGHLIN and KALODNER, Circuit Judges.

KALODNER, Circuit Judge.

The issues presented in this appeal are (1) whether an express warranty in a contract of sale "in lieu of  *  *  *  all other obligations or liabilities" relieved the seller of liability for negligence, and (2) whether the legal consequence of such provision may be determined on a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, Title 28 U.S.C.

William A. Shafer, a resident of Pennsylvania, brought suit against Reo Motors, Inc. ("Reo"), a Michigan corporation, for the loss by fire of a motor coach which it had purchased from Reo.[1]

In his complaint Shafer alleged that Reo had been negligent in the design, construction and attaching of the coach's gasoline tank and in the design and construction of

---

1. The suit was brought in the Court of Common Pleas of Allegheny County, Pennsylvania, and was removed to the District Court for the Western District of Pennsylvania at the instance of Reo Motors, Inc. on the ground of diversity.

the tank's supports and the material used therein; that as a consequence the tank broke from its supports and dragged on the street causing its gasoline to be ignited from sparks caused by friction with an ensuing conflagration which destroyed the coach.

Reo in its answer, as one of its defenses, averred that Shafer had released it from liability for negligence by the express terms of the contract of sale. The contract was annexed to the answer. It contained the following paragraph:

"We Warrant each new Reo Truck and Reo Bus manufactured by us, to be free from defects in material and workmanship under normal use and service, our obligation under this Warranty being limited to making good at our factory any part or parts thereof, including all equipment or trade accessories (except tires) supplied by the Truck Manufacturer, which shall, within (90) days after making delivery of such vehicle to the original purchaser or before such vehicle has been driven 4,000 miles, whichever event shall first occur, be returned to us with transportation charges prepaid, and which our examination shall disclose to our satisfaction to have been thus defective; *this Warranty being expressly in lieu of all other Warranties expressed or implied and of all other obligations or liabilities on our part, and we neither assume or authorize any other person to assume for us any liability in connection with the sale of our vehicles.*"

(Emphasis supplied.)

The execution of the contract and the fact that the vehicle was driven more than 4,000 miles were admitted by Shafer pursuant to stipulation filed at pre-trial conference and by Shafer's failure to answer Reo's requests for admissions in accordance with Rule 36, Federal Rules of Civil Procedure.

The District Court granted Reo's motion for summary judgment under Rule 56, concluding that it had relieved itself of liability under the terms of the warranty, W.D.Pa. 1952, 108 F.Supp. 659.

■ The contract was entered into in Pennsylvania and the law of Pennsylvania controls. Texas Motorcoaches, Inc., v. A.C.F. Motors Co., 3 Cir., 1946, 154 F.2d 91.

■ As was stated by Chief Judge Kirkpatrick in Charles Lachman Co., Inc. v. Hercules Powder Co., Inc., D.C.E.D.Pa. 1948, 79 F.Supp. 206, 207:[2]

"The general rule is that one party to a transaction may ordinarily contract to limit or eliminate his liability for negligence in performing his obligations. There is no rule of public policy which makes such provisions ineffective, particularly when the obligee is under no disadvantage by reason of confidential relationship, disability, inexperience or the necessities of the situation."

To the same effect see also Cannon v. Bresch, 1932, 307 Pa. 31, 34, 160 A. 595; Wright v. Sterling Land Co., Inc., 1945, 157 Pa.Super. 625, 43 A.2d 614; Perry v. Payne, 1907, 217 Pa. 252, 66 A. 553, 11 L. R.A.,N.S., 1173.

■ We agree with the District Court's determination that the provision of the "Standard Warranty" expressly releasing defendant from "all other obligations or liabilities on our part" bars Shafer's recovery. We are not called upon to construe this contract in the abstract. The negligence which Shafer asserted revolves around certain defects in the material used to support the gas tank and in design and workmanship. The contract expressly warranted new trucks "to be free from defects in material and workmanship." A reading of the warranty clearly reveals that if it means nothing else it means that as to those types of defects Reo would replace defective parts under certain prescribed conditions and would do nothing else. The words used in the release were *"all other* obligations or liabilities." (emphasis supplied). As was said in Cannon v. Bresch,

2. There too the contract was entered into in Pennsylvania and the law of that State was applied.

supra [307 Pa. 31, 160 A. 596], where similar language was used in a contract:

> " * * * the word 'all' needs no definition; it includes everything, and excludes nothing. There is no more comprehensive word in the language, and as used here it is obviously broad enough to cover liability for negligence."

See Atherton v. Clearview Coal Co., 1920, 267 Pa. 425, 110 A. 298; Lerner v. Heicklen, 1926, 89 Pa.Super. 234.[3]

■ Shafer contends that he never signed the warranty and that it was not made a part of the written contract. The latter contention we can only answer by saying "not so", for the contract is part of the record and is before us, and the warranty is a part of it. Because that is so, the former contention is also without merit, for Shafer has admitted signing the contract, and surely there is no requirement that he sign each paragraph before he be bound thereby.

■■ In his brief and in oral argument Shafer for the first time contends that neither party to the contract intended or contemplated that the warranty would relieve Reo from liability for negligence. If by such contention Shafer means that there has been a mutual mistake of fact or law, or that the parties used inappropriate language to express their agreement, or that for any other reason the clause in question is invalid, we may not now consider it.

The issues presented by the contention present questions of fact. They were not raised by Shafer in the District Court—he made no request, formal or informal, for leave to file a reply either to Reo's answer or to its motion for summary judgment, nor did he submit, or offer to submit, an affidavit presenting his present contentions with respect to the critical provisions of the contract. Had he done any of the foregoing the District Court would have been precluded from granting the motion for summary judgment since it is well settled that "A litigant has a right to a trial where there is the slightest doubt as to the facts * * *." Doehler Metal Furniture Co., Inc., v. United States, 2 Cir., 1945, 149 F. 2d 130, 135; Sartor v. Arkansas Natural Gas Corp., 1944, 321 U.S. 620, 627, 64 S.Ct. 724, 88 L.Ed. 967; Traylor v. Black, Sivalls & Bryson, Inc., 8 Cir., 1951, 189 F. 2d 213, 216.

■■ Since no questions of fact were raised in the District Court they may not be presented nor considered here. It is well settled that " * * * the ruling [on a motion for summary judgment] is to be made on the record the parties have actually presented, not on one potentially possible." Madeirense Do Brasil S/A v. Stulman-Emrick Lumber Co., 2 Cir., 1945, 147 F.2d 399, 405. "The opposing papers, including pleadings, depositions, and admissions on file, together with affidavits, if any, must establish a genuine issue of fact in order to defeat a motion for summary judgment." 3 Moore's Fed.Prac. 3190 (1938 ed.); Hemler v. Union Producing Co., D. C.W.D.La.1941, 40 F.Supp. 824.

■ Further, there was no ambiguity in the terms of the warranty so as to require parol testimony as to its meaning. Rolle Mfg. Co., Inc., v. Marco Chemicals, Inc., D.C.N.J.1950, 92 F.Supp. 218.

For the reasons stated the Order of the District Court granting the motion for summary judgment will be affirmed.

3. Cf. Runco v. Brockway Motor Company, Inc., 1949, 164 Pa.Super. 240, 63 A.2d 397, 399, where there was an attempt to recover on "an implied warranty of fitness * * * for the purpose intended". The Court held that a clause in the contract similar to that in the instant case precluded recovery, stating, 164 Pa.Super. at page 244, 63 A.2d at page 400: "Where the written warranty specifically excludes all other obligations, express or implied, recovery is restricted to the express warranty and is barred on any warranty by implication."