**INTERSTATE COMMERCE COMMISSION, Plaintiff,**

v.

**Albert J. DEMELLE, d/b/a Curley's Transportation Company, Defendant.**

**Civ. A. No. 1078.**

United States District Court
D. Maine, S. D.
Sept. 22, 1954.

Peter Mills, U. S. Atty., Farmington, Me., Herman F. Mueller, Atty. for I. C. C., Boston, Mass., for plaintiff.

Wilfred A. Hay, Portland, Me., Harry Ames, Jr., Washington, D. C., for defendant.

CLIFFORD, District Judge.

This action comes before this Court upon a motion for summary judgment made by the Interstate Commerce Commission in the above-entitled matter. The action was commenced by a complaint brought by the I. C. C. under the provisions of 204(a)(6) and 222(b) of part II of the Interstate Commerce Act, 49 U.S.C.A. § 304(a)(6), and § 322(b) which authorizes the issuance of injunctions for violations stated therein.

The defendant, Albert J. Demelle, conducts operations as a common carrier by motor vehicle from headquarters in Sanford, Maine, under the trade name of Curley's Transportation Company. The defendant's operations in the transportation of property on public highways, for compensation, extend in and between various points and places in the States of Maine, New Hampshire, Massachusetts, and Rhode Island. The certificate under which he is now operating was issued to the defendant on June 13, 1949, and contains provisions with respect to regular routes [1], concerning

---

[1]. Regular Routes insofar as points in Maine are concerned.

"Regular Routes:

"*General commodities*, except explosives, articles of unusual value, household goods as defined in Practices of Motor Common Carriers of Household Goods, 17 M.C.C. 467, and bulk commodities,

"Between Sanford, Maine, and Providence, R. I.:

"From Sanford over Maine Highway 109 to Wello, Maine, thence over U. S. Highway 1 to Portsmouth, N. H. (also from Sanford over Maine Highway 4 to North Berwick, Maine, thence over Maine Highway 9 to junction New Hampshire Highway 9, thence over New Hampshire 9 to Somersworth, N. H., thence over unnumbered highway to the New Hampshire-Maine State Line, thence over unnumbered highway to South Berwick, Maine, thence over Maine Highway 4 to Junction New Hampshire Highway 4, thence over New Hampshire Highway 4 to Dover, N. H., thence over New Hampshire 16 to junction U. S. Highway 4, and thence over U. S. Highway 4 to Portsmouth), and thence over U. S. Highway 1 to Providence, and return over the same route. * * *

"Between Boston, Mass., and Waterville, Maine, as follows:

"From Boston over U. S. Highway 1 to Smithtown, N. H. (also from Boston over U. S. Highway 3 to junction Massachusetts Highway 3 A, thence over Massachusetts Highway 3A to Lowell, Mass., thence over Massachusetts Highway 11 to the Massachusetts-New Hampshire State line, thence over New Hampshire Highway 110 to Smithstown), thence over U. S. Highway 1 via Portland, Maine, to Brunswick, Maine, thence over U. S. Highway 201 via Augusta, Maine, to Waterville.

which there is no question, and also contains the following irregular route authority:

"Irregular Routes:

"*General Commodities,* with exceptions as specified on sheet No. 1,

"Between points and places within 20 miles of Boston, Mass., Providence, R. I., and Sanford, Maine, except points and places in New Hampshire, and Lebanon, Berwick, and South Berwick, Maine, and points and places in Maine on and east of U. S. Highway 1."

This irregular route authority was first issued to the defendant on October 17, 1938 under the so-called "grandfather" clause of the Motor Carrier Act of 1935. The defendant has no authority to engage in interstate and foreign commerce other than the authority stated in the certificate of public convenience and necessity issued to him by the Commission on June 13, 1949.

It was stipulated by the parties that there was no genuine issue as to any material fact. The sole issue before this Court, as stipulated by the parties, concerns the interpretation of the clause, "* * * and points in Maine on and east of United States Highway No. 1", as contained in the provision with respect to the irregular route authority.

The Plaintiff contends that said clause of the irregular route authority is an exception to the general grant of authority contained in that provision. The defendant, on the other hand, contends that said clause is an additional grant of authority to serve points on and east of U. S. Highway 1 throughout the State of Maine. The Commission, in its administrative capacity, did not undertake to construe or interpret the meaning of the irregular route authority with which this Court is now concerned, and,

therefore, this Court is not bound by any previous construction in this regard.

The only documents submitted to this Court for its consideration of this issue were the verified complaint, the answer, and three exhibits, all of which were copies of certificates of public convenience and necessity, and two of which were authorizations under which the defendant had previously operated. Briefs were submitted and oral argument was had on September 8, 1954.

After a careful consideration of the entire provision relating to the irregular route authority, this Court is of the opinion that the aforementioned clause of the irregular route authority is not a grant of additional authority, as contended by the defendant, but an exception to the grant contained in that provision, as contended by the plaintiff. This Court interprets the irregular route provision as authorizing service to points in Maine located in the territory within a radius of 20 miles of Sanford, except Lebanon, Berwick, and South Berwick, *and also except* points in Maine located on and east of U. S. Highway 1, within a radius of 20 miles of Sanford, Maine.

According to the verified complaint, the defendant had transported for the general public a large number of shipments of property by motor vehicle in interstate commerce for compensation, to and from various points in the State of Maine, including the points of Limestone, Houlton, Madawaska, Old Town, Bangor, Jonesport, Fort Fairfield, Brewer, Ellsworth, Belfast, North Vasselboro, Presque Isle, and Orono.

This Court finds that these points in Maine are not points covered by the defendant's certificate of public convenience and necessity issued by the Commission, under either the regular or irregular route authorities, for the reason (1) that such points are not named in

"From Boston to Portland as specified above, thence over Maine Highway 3 to Gray, Maine, thence over U. S. Highway 202 to Augusta, Maine, and thence to Waterville, as specified above.

"Return over these routes to Boston.

"Service is authorized to and from all intermediate points, and the 'off-route points of Skowhegan, Madison, Bath, Wiscasset, Damariscotta, Lisbon, and Lisbon Falls, Maine, and those within 15 miles of Boston. * * *"

said certificate as specifically authorized points, (2) such points are not intermediate points upon the designated highways as to which the said certificate states that the defendant may serve, and (3) such points are not located in the territory within a radius of 20 miles of Sanford, Maine, all points in which area the said certificate states that the defendant may serve, with specified exceptions.

Consequently, the defendant has unlawfully engaged in the transportation of property for the general public as a common carrier by motor vehicle in interstate commerce for compensation to various points in Maine without a certificate of public convenience and necessity or other authority issued by the Commission, authorizing such interstate transportation and operations, in violation of section 206(a) of Part II of the Interstate Commerce Act, section 306(a), Title 49 U.S.C.A.

It is therefore ordered, adjudged and decreed that the motion for summary judgment made by the Commission be and hereby is granted.

It is further ordered that Albert J. Demelle, doing business as Curley's Transportation Company, his agents, employees and representatives and all persons acting by or in active concert with him, be and hereby are permanently enjoined and restrained from, in any manner, directly or indirectly, transporting or undertaking to transport property for the general public in interstate or foreign commerce by motor vehicle for compensation from or to any and all points in the State of Maine other than those covered by the certificate of public convenience and necessity issued to the defendant by the Interstate Commerce Commission June 13, 1949, as herein interpreted by this Court, unless and until such time there is in force with respect to the defendant a certificate of public convenience and necessity or other authority issued by the Interstate Commerce Commission authorizing such operations.