Albert J. DEMELLE, d.b.a. Curley's Transportation Company, Defendant, Appellant,

v.

INTERSTATE COMMERCE COMMISSION, Plaintiff, Appellee.

No. 4907.

United States Court of Appeals, First Circuit.

Feb. 23, 1955.

**620**

Harry C. Ames, Jr., Washington, D. C., with whom Wilfred A. Hay, Portland, Me., was on brief, for appellant.

Herman F. Mueller, Boston, Mass., Attorney, with whom Peter Mills, U. S. Atty., Portland, Me., and A. J. Merrill, Bangor, Attorney, were on brief, for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

HARTIGAN, Circuit Judge.

This is an appeal by the defendant, Albert J. Demelle, from a judgment of the United States District Court for the District of Maine entered September 22, 1954, under 49 U.S.C.A. § 322 (b), enjoining the defendant from carrying on interstate motor carrier operations to points in Maine other than those covered by a certificate of public convenience and necessity issued to the defendant by the Interstate Commerce Commission on June 13, 1949.

The certificate in question, insofar as the irregular route authority with which we are solely concerned, reads:

"Irregular Routes:

"*General commodities*, with exceptions as specified on sheet No. 1,

"Between points and places within 20 miles of Boston, Mass., Providence, R. I., and Sanford, Maine, except points and places in New Hampshire, and Lebanon, Berwick, and South Berwick, Maine, and points and places in Maine on and east of U.S. Highway 1."

The defendant also had been granted in this certificate of June 13, 1949 regular routes between Sanford, Maine, and Providence, R. I., between Smithtown, N. H., and South Barre, Mass., between Boston, Mass., and Waterville, Maine; and between Providence, R. I., and Boston, Mass., but we are not concerned with these regular routes in this case. The defendant admitted in his answer that he had transported goods to certain points in Maine on and east of U. S. Highway 1 which the Interstate Commerce Commission in its complaint alleged were not within the authority of any certificate of public convenience and necessity issued by it. The sole issue before the district court was " * * * the interpretation of the clause, ' * * * and points in Maine on and east of United States Highway No. 1', as contained in the provision with respect to the irregular route authority." [124 F.Supp. 516.]

The Commission, following the filing of the defendant's answer, moved for summary judgment. Fed.R.Civ.P. 56, 28 U.S.C.A. The defendant moved to strike certain exhibits attached to the Commission's motion for summary judgment and this motion was granted. It was stipulated by the parties that there was no genuine issue as to any material fact and that the sole issue before the court was the interpretation of the defendant's irregular route authority. The Commission contended in substance that under this irregular route authority the defendant could only carry goods between points and places within 20 miles of: (1) Boston, Mass., (2) Providence, R. I., and (3) Sanford, Maine, except points and places in New Hampshire, and Lebanon, Berwick, and South Berwick, Maine, and points and places in Maine on and east of U. S. Highway 1. The

defendant contended that the certificate allows it to carry goods between: (1) points and places within 20 miles of Boston, (2) points and places within 20 miles of Providence, (3) points and places within 20 miles of Sanford, except points and places in New Hampshire, and Lebanon, Berwick, and South Berwick, Maine, and (4) points and places in Maine on and east of U. S. Highway 1.

The district court in its opinion stated that:

"After a careful consideration of the entire provision relating to the irregular route authority, this Court is of the opinion that the aforementioned clause of the irregular route authority is not a grant of additional authority, as contended by the defendant, but an exception to the grant contained in that provision, as contended by the plaintiff. This Court interprets the irregular route provision as authorizing service to points in Maine located in the territory within a radius of 20 miles of Sanford, except Lebanon, Berwick, and South Berwick, *and also except* points in Maine located on and east of U. S. Highway 1, within a radius of 20 miles of Sanford, Maine."

The defendant now contends that the finding by the district court was erroneous and that a true construction of the certificate in question would permit the defendant to operate as a common carrier to all points and places in Maine on and east of U. S. Highway 1.

Rule 56(c) of the Federal Rules of Civil Procedure states in part that summary judgment " * * * shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

■■ The defendant did not base his defense on the ground that the certificate was a mistake and incorrectly represented the intention of the Commission, but rather on the ground that the provision in the certificate relating to irregular routes was not ambiguous. The defendant consequently did not assert in the lower court that there was any issue of fact involved and "Since no questions of fact were raised in the District Court they may not be presented nor considered here." Shafer v. Reo Motors, 3 Cir., 1953, 205 F.2d 685, 688. Moreover, both the plaintiff and defendant stipulated that there was no genuine issue of fact. The defendant did not attempt to indicate that there existed an issue of fact by introducing exhibits or affidavits following the Commission's motion for summary judgment and, therefore, he cannot now claim that he was deprived of a trial on any material issue of fact. See United States v. W. T. Grant Co., 1953, 345 U.S. 629, 635, 73 S.Ct. 894, 97 L.Ed. 1303; Helvering v. Rubinstein, 8 Cir., 1942, 124 F.2d 969.

The defendant apparently believed that his interpretation of the certificate would be accepted by the district court and relied solely upon the words of the certificate. Thus, when the district court granted summary judgment, there were no factual issues to be decided, and there was no indication that any evidence would be offered in an attempt to prove what the intention of the Commission had been when this certificate was granted—there was only the language of the certificate itself.

■ We believe that the Commission should have couched the irregular route authority in such explicit language as to avoid any possible question as to its meaning but, in our opinion, the construction which the district court has placed upon the language of the certificate is a more tenable one than that advocated by the defendant. The defendant's contention would be more plausible if U. S. Highway 1 did not pass within 20 miles of Sanford, Maine, but, as the Commission points out, some 30 miles of U. S. Highway 1 is within 20 miles

of Sanford, Maine. It is clear that Lebanon, Berwick, and South Berwick, Maine, which are within 20 miles of Sanford, Maine, are exceptions to the defendant's grant. It would have been illogical and redundant for the Commission to grant the defendant an irregular route authority to all points within 20 miles of Sanford and then also specifically to grant the defendant irregular route authority to points such as Lebanon, Berwick, and South Berwick, which are within that 20 mile area. The certificate, however, does not repeat the word "except" before "Lebanon, Berwick, and South Berwick, Maine" yet these places are conceded to be exceptions to the defendant's irregular route authority. Therefore, we are not convinced by the defendant's argument that the omission of the word "except" before "points and places in Maine on and east of U. S. Highway 1" necessitates holding that such "points and places" are within the defendant's grant of authority rather than being exceptions thereto. We think it more reasonable to assume that "except" was intended not only to relate to "Lebanon, Berwick and South Berwick, Maine" but also to "points and places in Maine on and east of U. S. Highway 1."

We, therefore, agree with the district court that the phrase, "points and places in Maine on and east of U. S. Highway 1", is not a grant of an additional irregular route authority but, like "points and places in New Hampshire and Lebanon, Berwick and South Berwick, Maine", is an exception to the irregular route authority.

The judgment of the district court is affirmed.

WOODBURY, Circuit Judge.

I concur in the result for I believe that it is more probable than not that the certificate means what Judge Clifford and this court think that it means. However, I do not wish to go on record as subscribing to the proposition that the failure of the parties to raise a question of fact below, or their stipulation that no issue of fact existed, necessarily requires that this case be disposed of on the motion for summary judgment filed by the Commission under Rule 56(c). That is to say, I think that in spite of the conduct of the parties or their stipulation, the district court might have refused to grant the Commission's motion for summary judgment if in its opinion the resolution of an issue of fact was necessary for decision. Thus in this case, if I felt that the certificate standing alone was so ambiguous as to be wholly unintelligible, I would say that, since the rights claimed are "grandfather" rights, the district court in spite of the parties' concessions, tacit or otherwise, that no issues of fact existed, might have required the production of evidence as to the scope of the carrier's activities prior to the critical date to show what must have been the scope of the authority granted by the certificate. And I would say that if we were in grave doubt as to the meaning of the certificate we could remand to the district court for the purpose of receiving such evidence.