

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-7-2005

# Overdorf v. Travelers Ins Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2142

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Overdorf v. Travelers Ins Co" (2005). *2005 Decisions.* Paper 1469.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1469

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-2142
_____

DAVID H. OVERDORF, Administrator of the
Estate of KRISTEN R. OVERDORF, Deceased,

Appellant

v.

THE TRAVELERS INSURANCE COMPANIES;
JOHN D. NEWBORG

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 01-cv-02076)
District Judge:  Honorable Gary L. Lancaster

_____

Submitted Under Third Circuit LAR 34.1(a)
January 27, 2005

Before:  SCIRICA, *Chief Judge*, RENDELL and FISHER, *Circuit Judges*.

(Filed March 7, 2005)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

David H. Overdorf ("Overdorf") appeals the District Court's grant of summary

judgment in favor of The Travelers Insurance Companies ("Travelers") on his claims of

breach of contract and bad faith, 42 Pa. Cons. Stat. § 8371, asserted on behalf of the estate of his deceased daughter Kristen Overdorf, who was fatally injured while riding her bicycle, by an automobile operated by Sharon Fonner. Overdorf obtained a judgment against Fonner in excess of the $50,000 Travelers' policy limit in a wrongful death action tried in the Court of Common Pleas of Washington County, Pennsylvania. Overdorf subsequently filed this action as an assignee of Fonner in which he is pursuing recovery of the excess judgment from Travelers. The procedural and factual background of this action was thoroughly discussed by the District Court, and is known to the parties.

This appeal specifically challenges the District Court's grant of summary judgment regarding the breach of contract claim based upon the District Court's determination from Overdorf's pretrial statement that Overdorf was no longer pursuing that claim. Overdorf contends that the District Court erred in not permitting Overdorf an opportunity to be heard on the merits of the contract claim. After conducting plenary review of the factual and legal contentions of the parties, we affirm the grant of summary judgment in favor of Travelers.

It is undisputed that the Amended Complaint alleged that Travelers had an express contractual duty to pay the delay damages assessed against Fonner in the Washington County, Pennsylvania action and post-judgment interest pursuant to the "Supplementary Payments" clause. Travelers moved for summary judgment on both the bad faith and breach of contract claims raised by Overdorf. While Travelers' briefing primarily

2

focused on the bad faith claim, it nonetheless sought dismissal of the entire action, specifically naming both the bad faith and the breach of contract claims. Overdorf's opposition to summary judgment pertained only to the bad faith claim and raised no argument regarding the breach of contract claim or the "Supplementary Payments" clause despite the fact that Travelers' moving brief indicated that "most" of the breach of contract claims had been abandoned. Nor did Overdorf's pretrial statement advance the breach of contract theory as one that was being pursued for purposes of trial.

Overdorf's omission of any reference to the breach of contract action in its opposition to summary judgment, coupled with his failure to request reconsideration of the District Court's determination based on the pretrial statement that the breach of contract claim was no longer being pursued by Overdorf, leads us to conclude that the District Court's assessment regarding that claim was correct – at the time summary judgment was entered, the breach of contract theory was not advanced by Overdorf. *See, e.g., Shafer v. Reo Motors, Inc.*, 205 F.2d 685, 688 (3d Cir. 1953) (where no questions of fact were raised in the District Court in opposing summary judgment they may not be presented for appellate review given that summary judgment is to be determined based upon the record the parties have actually presented); *Price v. Inland Oil Co.*, 646 F.2d 90, 95-96 (3d Cir. 1981) (recognized that the scope of a case will be limited by a pre-trial order or in its absence by the pre-trial representations of the parties).

We have considered all of the arguments of the parties and conclude that no further discussion is necessary. We will affirm the judgment of the District Court.

_____